# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

MARK BOYLE and )
TERESA BOYLE, )
  )
     Plaintiffs, )
  )
  v. )
    ) No. 3:13-CV-732
INFRASOURCE CONSTRUCTION, )
LLC, *et al.*, )
  )
     Defendants. )

## OPINION AND ORDER

This matter is before the Court on: (1) Defendants' Motion for Partial Summary Judgment, filed by Defendants, InfraSource Construction, LLC f/k/a InfraSource Underground Construction, LLC and Peter L. Anthony, on June 30, 2014 (DE #19); and (2) Defendants' Motion to Strike, filed by Defendants, InfraSource Construction, LLC f/k/a InfraSource Underground Construction, LLC and Peter L. Anthony, on August 12, 2014 (DE #24). For the reasons set forth below, Defendants' Motion for Partial Summary Judgment (DE #19) is **GRANTED.** The Clerk is hereby **ORDERED** to **DISMISS** Count III of the complaint for punitive damages **WITH PREJUDICE.** The remaining claims in Plaintiffs' Complaint **REMAIN PENDING.** Additionally, Defendants' Motion to Strike (DE #24) is **GRANTED.** The Clerk is **ORDERED** to **STRIKE** the Minnesota Department of Public Safety's driving record for Anthony (attached to

Plaintiffs' Appendix of Exhibits in Opposition to Motion for Partial Summary Judgment as DE #23-4) from the record.

BACKGROUND

Plaintiffs, Mark and Teresa Boyle, filed a complaint on July 23, 2013 (DE #1). They allege Peter L. Anthony ("Anthony") was en employee of Quanta Services, Inc. (Compl., DE #1, ¶ 4.) While operating a pickup truck leased to InfraSource Construction, LLC ("InfraSource"), Plaintiffs allege Anthony ignored, disregarded or otherwise failed to completely obey a stop sign controlling the intersection at Rose Road and Old Lincoln Highway in Plymouth, Marshall County, Indiana, and collided with Teresa Boyle's vehicle, causing her significant injuries. (*Id.*, ¶¶ 17-19.)

Defendants, InfraSource Construction, LLC f/k/a InfraSource Underground Construction, LLC (hereinafter "InfraSource") and Peter L. Anthony, filed the instant Motion for Partial Summary Judgment on June 30, 2014. Defendants contend summary judgment is warranted on Plaintiff's claims for punitive damages in Count III because Plaintiffs have failed to provide evidence of grossly negligent conduct by Anthony that was not the result of a mistake, mere negligence, or other human failing. (DE #19, p. 1.) Plaintiffs filed a Brief in Opposition to the Motion for Partial Summary Judgement on July 29, 2014 (DE #22). Defendants

then filed a Reply Brief on August 12, 2014 (DE #25). Consequently, this motion is fully briefed and ready for adjudication.

The Defendants also filed a Motion to Strike the Minnesota Department of Public Safety's driving record for Anthony attached to Plaintiffs' Appendix of Exhibits in Opposition to Motion for Partial Summary Judgment (DE #23-4), arguing that this is impermissible character evidence, which is barred by Rule 404(b). (DE #24).

Undisputed Facts

On August 5, 2011, Anthony arrived at InfraSource's Marshall County worksite in his assigned company vehicle. (Anthony Dep., pp. 20, 23, 28.) He later realized that his work required chest-waders that he left in his trailer, causing him to drive back to retrieve them. (*Id.*, p. 23.) Anthony's assigned truck was holding the tools necessary for other laborers to conduct their work, so Anthony received permission from his supervisor to use a different company-owned 2011 Ford F-250 pickup truck to leave and retrieve his chest-waders. (*Id.*, pp. 28-29.)

At around 7:20 a.m., Anthony was traveling northbound on Rose Road near the intersection with Lincoln Highway when he approached a stop sign. (Compl. ¶ 17.) At the same time, Teresa Boyle was operating a 2008 Chrysler Town & Country minivan

westbound on the two-lane Lincoln Highway, also approaching the intersection. (*Id.*, ¶ 16.) According to Anthony, as he approached Lincoln Highway, he "stopped at the stop sign" and as a result of a tree impeding his view, he moved forward a few additional feet so he could see the road before coming to a second complete stop. (Anthony Dep., p. 29.) Then, at some point while they were both moving through the intersection, there was a collision that brought both vehicles to a complete stop. (Compl. ¶ 19.)

In contrast, according to Boyle, she watched Anthony and another truck "roll" the stop sign. (Boyle Dep., pp. 54, 58-9.) The first truck turned east on Lincoln Highway without incident, but the second truck, Anthony's vehicle, proceeded directly into her lane of travel and collided with her minivan. (*Id.*) Boyle claims Anthony was merely "slowing down approaching the intersection, and did not stop." (Boyle Dep., p. 58.) There is deposition testimony from Marshall County sheriff's officer Nicholas Laffoon, who investigated the incident, that Anthony's view of plaintiff's vehicle was not impeded by any environmental circumstances. (Laffoon Dep., pp. 38-39.) Anthony testified he was probably driving about twenty miles an hour across the road when he went through the intersection. (Anthony Dep., p. 74.)

InfraSource has certain company procedures with which employees must comply in order to operate a company-owned

4

vehicle. (Samonie Dep., pp. 7, 15; DE #21-3, InfraSource's Disqualification and Probation Guidelines.) For example, drivers must notify InfraSource of convictions, and there are periods of disqualification and penalties for employees convicted of serious traffic offenses. (DE #21-3.) InfraSource also maintains motor vehicle records for employees, tracking citations and convictions for traffic-related offenses. (Samonie Dep., pp. 5, 7.) InfraSource conducts annual reviews, and if an employee reports a serious traffic violation during these reviews, their driving privileges for company-owned vehicles are disqualified for a period of one year and they are placed on probation. (DE #21-3.)

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for

5

summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes, "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations, but must set forth specific fact showing that there is a genuine issue for trial. *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v.*

6

*Whitley Cnty. REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be, "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

In a diversity case, like this action brought under 28 U.S.C. § 1332, this Court applies Indiana state substantive law and federal procedure. *See, e.g., Erie v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Trytko v. Hubbell, Inc.*, 28 F.3d 715, 719-20 (7th Cir.1994)(citing *Kutsugeras v. AVCO Corp.*, 973 F.2d 1341, 1346 (7th Cir. 1992))

Motion to Strike

The Defendants filed a Motion to Strike, arguing the Minnesota Department of Public Safety's driving record for Anthony attached to Plaintiffs' Appendix of Exhibits in Opposition to Motion for Partial Summary Judgment (DE #23-4), is impermissible character evidence, which is barred by Rule 404(b)

7

and therefore, should be stricken. (DE #24.) Additionally, in their response brief in opposition to the motion for partial summary judgment (DE #22), Plaintiffs' include Anthony's driving record in their statement of facts. (DE #22, p. 3.)

The driver's record shows what Plaintiffs contend are three "convictions," but this Court is unsure whether they are citations, or convictions. The record states "3/31/08 Fail to Obey Sign; 10/08/08 Fail to Obey Sign; 1/31/09 Serious Speed." (DE #23-4.) Then a "Dev Warning Letter Sent" on 3/17/09. *Id.* In response to the motion to strike, Plaintiffs argue that the driving record impeaches Anthony's testimony that he has a "habit" of obeying stop signs. (DE #29, p. 2.) They contend the convictions are so probative to determine Anthony's alleged disregard for traffic signs, that the driver's record overcomes any prejudicial effect.

A party who wishes to argue that portions of a statement of genuine issues contain errors or are inadmissible on evidentiary grounds may file a motion to strike those portions of the statement of genuine issues. *Goltz v. University of Notre Dame du Lac*, 177 F.R.D. 638, 640 (N.D. Ind. 1997). "Pleadings that do not conform with the local rules may be stricken at the discretion of the court." *Id.* (citing *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990); *Pfeil v. Rogers*, 757 F.2d 850, 858 (7th Cir. 1985); *Graham v. Security Sav. & Loan*,

125 F.R.D. 687, 688-89 (N.D. Ind. 1989)).  More importantly, it is the function of a court, with or without a motion to strike, to review carefully both statements of material facts, statements of genuine issues, and the headings contained therein and to eliminate from consideration any argument, conclusions, and assertions unsupported by the documented evidence of record offered in support of the statement. *See, e.g.*, *S.E.C. v. KPMG LLP*, 412 F.Supp.2d 349, 392 (S.D.N.Y. 2006); *Sullivan v. Henry Smid Plumbing & Heating Co., Inc.*, No. 04 C 5167, 05 C 2253, 2006 WL 980740, at *2 n.2 (N.D. Ill. Apr. 10, 2006); *Tibbetts v. RadioShack Corp.*, No. 03 C 2249, 2004 WL 2203418, at *16 (N.D. Ill. Sept. 29, 2004); *Rosado v. Taylor*, 324 F.Supp.2d 917, 920 n.1 (N.D. Ind. 2004).

In this circuit, Rule 404(b) character evidence is admissible only if: (1) it is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Rivera*, 6 F.3d 431, 443 (7th Cir. 1993).  "A trial court possesses broad discretion in determining the relevance of proffered evidence and in balancing

its probative value and unfair prejudice." *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1986)(citation omitted).

In this case, Defendants argue that Anthony's driving record (showing three citations in the span of two years) should be stricken pursuant to Federal Rule of Evidence 404(b) because it is impermissible character evidence. (DE #30.) Rule 404(b) is "intended to preclude evidence of a person's propensity as proof of the person's conduct on the occasion at issue." *Wanke v. Lynn's Transp. Co.*, 836 F. Supp. 587, 593 (N.D. Ind. 1993) (citing *United States v. Sanders*, 964 F.2d 295, 298-99 (4th Cir. 1992)). Accordingly, federal courts have held that evidence of other traffic offenses is not admissible for the purpose of proving a driver's propensity to negligently operate a motor vehicle. *Id.* at 594. In *Wanke,* the court held that a speeding ticket received by a driver 2 days after an accident was not admissible in a wrongful death action to establish the driver's alleged propensity to speed. *Id.* Also, the court found that any probative value of evidence regarding the employer's receipt of post-accident complaint about its driver's driving, on the issue of the employer's negligent hiring or failure to discharge the driver, was outweighed by the risk the jury would, even if properly instructed, draw a forbidden inference that the driver was an unsafe driver. *Id.* at 595.

In this case, Plaintiffs argue that Anthony "opened the door" to impeachment evidence at his own deposition when he testified to his "habit" of stopping at traffic control signs. (DE #29, p. 2.) Specifically, Anthony testified in his deposition that, "[M]y habit is I stop, I look, I pull out, I look and then I proceed and look again." (DE #29-1, Anthony Dep., p. 31.) While it is generally true that at trial, certain evidence may be admitted outside the scope of 404(b) so long as a defendant "opens the door" to the evidence, the Court does not believe Anthony's general statement made in his deposition qualifies as such.

Plaintiffs claim the certified driving record, which includes infractions for disregarding traffic control signals that occurred thirty-four and forty-one months prior to the incident, establishes Defendant's gross lack of care and his awareness of danger with heedless indifference to the consequences. (DE #29, pp. 2-3.) The phrasing of Plaintiffs' argument defeats itself. Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity. Fed. R. Civ. P. 404(b). The rule is intended to preclude evidence of a person's propensity as proof of the person's conduct on the occasion at issue. *Wanke*, 836 F. Supp. at 593. As in *Wanke*, where the speeding ticket was

considered inadmissible as to evidence of the driver's propensity to speed, the Minnesota Driving Record in this case is inadmissible as to evidence of Anthony's propensity to negligently operate a motor vehicle or his propensity to fail to obey stop signs. Also, the prejudicial implications of the driving record on potential jurors outweigh any probative value of evidence regarding Anthony's driving abilities. Accordingly, this Court **GRANTS** the Motion to Strike (DE #24), because the Minnesota Driving Record is impermissible character evidence under Federal Rule of Civil Procedure 404(b).

Motion for Partial Summary Judgment

The Defendants filed this Motion for Partial Summary Judgment on June 30, 2014, requesting judgment on Count III for punitive damages. (DE #19.) In response, Plaintiffs assert that Anthony acted with gross negligence while operating his work vehicle (and that the Minnesota driving record shows willful custom and practice), and that this negligence supports the award of punitive damages because it was such a gross lack of care that he subjected the Plaintiff to probable injury, with an awareness of danger and with heedless indifference of the consequences. (DE #22, pp. 3-4.) To the contrary, Defendants claim that Plaintiffs have failed to provide evidence of grossly negligent conduct by the Defendant that was not a result of a mistake of

fact or law, mere negligence, or other human failing. (DE #19, pp. 5-8.) Plaintiffs claim Anthony's inattention was not "mere momentary", and the crash was not the result of mere human failing, but rather Anthony intentionally barreled into the intersection hoping his vehicle could safely, "beat" Plaintiff without causing an accident. (DE #222, p. 2.) Finally, Defendants argue that these unsubstantiated allegations concerning Anthony's motive in entering the intersection do not constitute reliable evidence upon which an award of punitive damages can be based. (DE #25, pp. 6-7.)

The Plaintiffs also allege in their complaint that InfraSource's driving and hiring certification procedures are inept, and the company should have known of Anthony's failure to conform his operation of a motor vehicle to the standards expected of reasonable drivers and with due regard for regulations of the road and the safety of others, which amounts to gross negligence. (Compl. ¶ 33.) The Defendants rebut these claims by stating that they are without merit because the Defendants' conduct, as a matter of law, does not rise to the level necessary to support an award of punitive damages. (DE #20, pp. 8-10.) Specifically, Defendants argue InfraSource's hiring and driving reporting procedures are in compliance with the rules and regulations promulgated by the Federal Motor Carrier Safety Administration, and are applicable when the

employee is driving a commercial motor vehicle or a non-commercial motor vehicle. *Id.* Defendants continue by arguing that in applying Anthony's prior driving-related violations to Federal guidelines, InfraSource was not required to disqualify Anthony according to 49 C.F.R. §383.51 (2010). *Id.* Finally, for Plaintiff to be eligible for punitive damages, InfraSource would have been required to have a culpable mind, intentionally disregarding a danger that was not only possible, but probable.

A principal goal of punitive damages is to serve the public interest by deterring wrongful conduct in the future by the wrongdoer and others similarly situated. *Neuros Co., Ltd. v. Kturbo, Inc.*, 698 F.3d 514, 520 (7th Cir. 2012). There is no right to punitive damages. *Travelers Indem. Co. v. Armstrong*, 442 N.E.2d 349, 362 (Ind. 1982). "Whether a party may recover punitive damages is usually a question of fact for the fact finder to decide; but it may be decided as a matter of law." *Williams v. Younginer*, 851 N.E.2d 351, 358 (Ind. Ct. App. 2006) (quotation omitted). A court may grant summary judgment to resolve punitive damages claims. *Breeck v. City of Madison*, 592 N.E.2d 700, 703 (Ind. Ct. App. 1992).

Under Indiana law:

> [P]unitive damages may be awarded only if there is clear and convincing evidence that the defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment,

overzealousness, mere negligence, or other human failing.

*Hi-Tec Props., LLC v. Murphy*, 14 N.E.3d 767, 778 (Ind. Ct. App. 2014). To award punitive damages:

[The court] would have to conclude that under the known circumstances, the defendant, 'subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences,' that a serious wrong, 'tortious in nature,' has been committed, and that the public interest would be served by the deterrent effect of punitive damages.

*Tacket v. General Motors Corp. Delco Remy Div.*, 818 F.Supp. 1243, 1246 (S.D. Ind. 1993)(quoting *Bud Wolf Chevrolet, Inc. v. Robertson*, 519 N.E.2d 135, 136-37 (Ind. 1988)).

Indiana case law does not support the issuance of punitive damages on defendants involved in vehicle collisions unless, at the time of the incident, the vehicle operator was speeding, their inattention was more than momentary, or a foreign substance impaired them. *See, e.g., Westray v. Wright*, 834 N.E.2d 173, 180-181 (Ind. Ct. App. 2005)(reversing award of punitive damages and holding defendant was not grossly negligent because he was not speeding, was alone in the vehicle, and was "not drowsy, intoxicated, or otherwise affected by any foreign substance"); *Purnick v. C.R. England*, Inc., 269 F.3d 851, 852-53 (7th Cir. 2001)(holding evidence that driver was mesmerized by the road and failed to brake his tractor-trailer was insufficient to prove a mental state necessary to sustain punitive damages); *Austin v.*

15

*Disney Tire Co., Inc.*, 815 F.Supp. 285, 288-290 (S.D. Ind. 1993)(granting summary judgment on punitive damages issue where defendant glanced down while approaching an intersection, finding evidence of driver's "lack of skill" does not lead to an interference that the driver acted with conscious disregard for danger); *Samuel v. Home Run, Inc.*, 784 F. Supp. 548 (S.D. Ind. 1992)(granting motion for partial summary judgment on punitive damages issue where plaintiff failed to show clear and convincing evidence that the conduct was wanton). In *Miller*, the Court held that the defendant, operating a company-owned vehicle, after stopping at a stop sign, proceeding into the intersection, and then colliding with a passing vehicle, was not grossly negligent. *Miller v. Indiana Dept. of Workforce Dev.*, 878 N.E.2d 346, 357 (Ind. Ct. App. 2007). Specifically, the court found that defendant was negligent, but there was no evidence "he engaged in any sort of conduct with reckless disregard." *Id.* Similarly, this Court finds that, as a matter of law, Anthony's conduct does not equate to gross negligence.

Nothing in the record indicates that Anthony acted purposefully, with malice, or with gross negligence, or that he was driving while impaired. There is no evidence which supports that Anthony knew of, but consciously disregarded, the possibility that his actions would result in a collision with Teresa Boyle's vehicle. Plaintiffs have not carried their burden

of showing, by clear and convincing evidence, that Anthony acted with malice, fraud, gross negligence, or oppressiveness. *Hi-Tec Props.,* 14 N.E.3d at 778.

With regard to Defendants' argument that there is no evidence to support an award of punitive damages against InfraSource directly, Plaintiffs fail to even address this argument in their memorandum in opposition. (DE #22.) Plaintiffs' arguments on these points are therefore waived. *See E.E.O.C. v. U.S. Bell*, No. 2:03-CV 237-PRC, 2005 WL 1683979, at *15 (N.D. Ind. Jul. 19, 2005) (holding issues raised in summary judgment motion that non-moving party does not properly respond to are deemed waived); *see also Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (holding arguments not presented to the court in response to a summary judgment motion are waived). Even assuming, *arguendo*, Plaintiffs had not waived the argument, their position would still fail. Plaintiffs have failed to offer clear and convincing proof that InfraSource consciously disregarded knowledge that Anthony was a substantial danger to motorists so as to support punitive damages. As to Anthony's hiring, there is no evidence that he lacked a valid driver's license or was otherwise unqualified to drive. The driving record Plaintiffs rely on to establish gross negligence has been stricken from the record. There is no evidence (even if the previous driving record were to be included), that Anthony's

previous incidents involved substantially similar conduct or circumstances to this case. Consequently, Defendants' Motion for Partial Summary Judgment on the claim for punitive damages is **GRANTED.**

CONCLUSION

For the reasons set forth above, the Defendants Motion for Partial Summary Judgment (DE #19) is **GRANTED.** The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims for punitive damages. (DE #1, Count III). The remaining claims in the Plaintiffs' Complaint **REMAIN PENDING.** Additionally, Defendants' Motion to Strike (DE #24) is **GRANTED.** The Clerk is **ORDERED** to **STRIKE** the Minnesota Department of Public Safety's driving record for Anthony (attached to Plaintiffs' Appendix of Exhibits in Opposition to Motion for Partial Summary Judgment as DE #23-4) from the record.

**DATED: December 3, 2014**     /s/ RUDY LOZANO, Judge
         **United States District Court**